**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **KEITH RODRIGUEZ,** | |
| **Plaintiff,** | **Civil Action No. 25-14031 (MEF) (MAH)** |
| **v.** | |
| **MELISSA SANTOS, et al.,** | **OPINION AND ORDER** |
| **Defendants.** | |

Presently before the Court is the motion by Plaintiff pro se Keith Rodriguez ("Plaintiff") to stay these proceedings until his state court criminal appeal is resolved.  Mot. to Stay,[1] Jan. 30, 2026, D.E. 12.  Because Defendants have not been served, the Court has received no opposition to the motion.  The Honorable Michael E. Farbiarz, U.S.D.J., has referred the motion to the Undersigned.  *See* Dkt.  The Undersigned has considered this matter without oral argument.  Fed. R. Civ. P. 78; Local Civ. R. 78.1.  For the reasons set forth below, Plaintiff's motion is **DENIED without prejudice**.

The following facts are gleaned from Plaintiff's Complaint and the instant Motion. Compl., July 28, 2025, D.E. 1; Mot. to Stay, D.E. 12.  After a December 29, 2022 shooting in Jersey City, Plaintiff was arrested after being identified as the driver of a car that drove one of the shooting victims away from the scene.  *Id.* ¶¶ 10-11.  Detective Jeison Martinez ("Martinez"), of the Jersey City Police Department, led the subsequent criminal investigation. *Id.* ¶ 11.  On March 20, 2023, Assistant Prosecutor Melissa Santos ("Santos"), of the Hudson

---

[1]  Plaintiff's motion is titled "Motion to Hold Proceedings in Abeyance."  *See* D.E. 12.  Because Plaintiff essentially requests a stay, the Undersigned refers to Plaintiff's motion as a "Motion to Stay."

County Prosecutor's Office ("HCPO"), presented the case to a Hudson County Grand Jury for various charges including attempted murder and conspiracy to commit murder. *Id.* ¶ 12. Martinez was Santos's sole witness. *Id.* ¶ 13.

Plaintiff alleges that "Santos and Martinez deliberately fabricated a narrative and presented it to the grand jury as fact, falsely claiming it was depicted on video surveillance footage." *Id.* ¶ 15. Plaintiff further alleges that, when a grand juror questioned what the surveillance video depicted, Santos "deflected and, in her closing remarks, improperly reasserted the fabricated facts as a conclusion." *Id.* ¶ 21. The grand jury returned an indictment against Plaintiff. *Id.* ¶ 23.

On July 28, 2025, Plaintiff filed the instant suit against Santos, Martinez, the HCPO, and the County of Hudson (collectively, "Defendants") alleging constitutional violations pursuant to 42 U.S.C. § 1983.[2] Specifically, Plaintiff raises claims for malicious prosecution, fabrication of evidence, violation of due process, and false arrest against Santos and Martinez. *Id.* ¶¶ 26-33, 42-51. Plaintiff also raises a claim against the HCPO and the County of Hudson under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *Id.* ¶¶ 34-41. Plaintiff argues that an exception to *Younger*[3] abstention doctrine applies here due to his allegations of bad faith. *Id.* ¶ 52. Plaintiff seeks damages as well as injunctive and declaratory relief. *Id.* at 12. Plaintiff did not request to proceed *in forma pauperis* and instead paid the $405 filing fee. *See* D.E. 1.

---

[2] "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor Sch. Dist.*, 422 F.3d 141, 146 (3d Cir. 2005).

[3] *Younger v. Harris*, 401 U.S. 37, 41 (1971) (holding that federal courts should abstain from enjoining ongoing parallel state criminal proceedings).

Plaintiff thrice requested USM-285 forms to serve Defendants.  Letter, Aug. 8, 2025, D.E. 3; Letter, Oct. 21, 2025, D.E. 5; Letter, Oct. 23, 2025, D.E. 4.  The Undersigned granted Plaintiff's request on October 27, 2025, and directed the Clerk's Office to issue the summons after Plaintiff completed the USM-285 forms.  Order, Oct. 27, 2026, D.E. 7.  USM-285 forms were received for Martinez, Santos, and Hudson County on December 23, 2025.  D.E. 8.  Summons was issued as to those defendants on December 31, 2025.  D.E. 9.

Plaintiff still did not serve Defendants.  On January 7, 2026, Judge Farbiarz directed Plaintiff to return the USM-285 forms by January 25, 2026 or risk dismissal of the action without prejudice.  Order, D.E. 10.  On January 16, 2026, the USM-285 form was received as to the HCPO.  Rather than serve Defendants, Plaintiff filed in the instant motion requesting a stay.  D.E. 12.  Shortly after Plaintiff filed this motion, the Summons was issued as to the HCPO.

Plaintiff avers the Court should grant his motion to stay because, sometime after filing his Complaint, Plaintiff entered a guilty plea in the underlying state criminal matter.  D.E. 12, at 1.  Plaintiff then appealed his convictions, which arose out of said plea, on a theory of actual innocence.  *Id.*  While Plaintiff's appeal is adjudicated in state court, Plaintiff requests of a stay of the instant proceeding, noting that *Heck v. Humphrey*, 512 U.S. 477 (1994) bars convicted plaintiffs in § 1983 cases from recovering damages until the conviction is reversed, expunged, or otherwise declared invalid.  *Id.*

Plaintiff's arguments, if timely raised, would warrant consideration.  But a stay is an "extraordinary remedy."  *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998) (citing *Weil v. Markowitz*, 829 F.2d 166, 174 n.17 (D.C. Cir. 1987)).  And Plaintiff has failed to demonstrate the necessity of a stay here—especially where Defendants have still not been served.  Accordingly, the Court will deny Plaintiff's request without prejudice.  However,

3

given Plaintiff's pro se and incarcerated statuses and the delay in obtaining the USM-285 Forms, the Court will provide Plaintiff with one final opportunity to serve Defendants.

Accordingly, for all the foregoing reasons,

**IT IS** on this 5th day of March 2026,

**ORDERED** that Plaintiff's motion requesting a stay, D.E. 12, is **DENIED** as premature and without prejudice to his right to move to stay at an appropriate point in the proceedings; and it is further

**ORDERED** that the Court will provide Plaintiff with an additional **forty-five (45) days, or until April 19, 2026**, to serve the Defendants; and it is further

**ORDERED** that, as noted in Judge Farbiarz's prior Order, D.E. 10, this action will be dismissed without prejudice unless Plaintiff serves Defendants on or before **April 19, 2026**.

*s/ Michael A. Hammer*_____
**Hon. Michael A. Hammer,**
**United States Magistrate Judge**

**Dated**: March 5, 2026

4